UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |
|---|---|
| IN RE: SONIC CORP. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>(FINANCIAL INSTITUTIONS) | CASE NO. 1:17-md-2807<br>MDL No. 2807<br><br>ORDER |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In 2017, not yet identified third parties accessed Sonic[1] customers' payment card data. The hackers obtained customer payment card information from more than three-hundred Sonic Drive-Ins. This litigation followed.

On December 6, 2019, the Sonic Defendants moved for a Rule 26(c) protective order to prevent Plaintiffs' discovery of materials that Sonic claims are protected by the common interest doctrine.[2] Sonic seeks protection of materials involving communications and documents that Sonic shared with non-party SD-Missouri, LLC, a Sonic franchisee. Plaintiffs opposed.[3] Defendants replied.[4]

Sonic claims that attorney client privilege and the work product doctrine allow Sonic to assert the shared privilege and protect "communications between the Sonic Defendants and their counsel (on the one hand) and SD-Missouri and its counsel (on the other hand)."[5] Sonic claims the common interest doctrine extends the principal to

---

[1] Sonic Corporation and its subsidiaries and affiliates Sonic Industries Services, Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. (collectively, "Sonic" or "Sonic Defendants").
[2] Doc. 216.
[3] Doc. 222.
[4] Doc. 231.
[5] Doc. 231 at 7.

Case No. 1:17-md-2807
Gwin, J.

communications with SD-Missouri, a non-party to this litigation.

Although Sonic points to specific subpoena requests that it says implicate privileged documents, Sonic has not given specific details regarding the communications and documents it seeks to protect. Without such information, the Court is unable to determine which state's privilege laws apply.

The Court therefore orders Sonic to submit a log of all communications and documents to which it claims the common interest doctrine applies within ten days of this Order. Specifically, Sonic is instructed to note the name of all parties involved in each document or communication, the entity they are associate with and their position at that entity, the date, the location of each sender and recipient, and a general description of the contents of the communication or document.

ITS IS SO ORDERED.

Dated: January 8, 2020          *s/     James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE