UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: SONIC CORP. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>(FINANCIAL INSTITUTIONS) | CASE NO. 1:17-md-2807<br>MDL No. 2807<br><br>ORDER<br>[Resolving Doc. 227] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In 2017, not yet identified third parties accessed Sonic[1] customers' payment card data. The hackers obtained customer payment card information generated at more than three-hundred Sonic Drive-Ins. This litigation followed.

On December 18, 2019, Sonic filed a motion to compel Alcoa Community Federal Credit Union ("Alcoa") to respond to outstanding discovery requests.[2] Plaintiffs oppose the motion.[3] Sonic replied.[4]

With the filing of the First Amended Complaint on October 21, 2019, Alcoa Community Federal Credit Union, one of the original named plaintiffs, voluntarily dismissed itself from the litigation.[5] Alcoa is no longer a named party to this lawsuit.

Before its exit, Alcoa served discovery requests on Sonic and participated in the parties' mediation session. At the time Alcoa withdrew with the amended complaint, Sonic had already served Alcoa with interrogatories and two sets of requests for

---

[1] Sonic Corporation and its subsidiaries and affiliates Sonic Industries Services, Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. (collectively, "Sonic" or "Sonic Defendants").
[2] Doc. 227.
[3] Doc. 233.
[4] Doc. 239.
[5] Doc. 197.

Case No. 1:17-md-2807
Gwin, J.

production. Alcoa objected to some of the discovery requests on the grounds that Sonic was improperly seeking protected mediation materials. Now, Alcoa objects to the discovery with the argument that Sonic must obtain leave to conduct discovery of an absent class member. Sonic seeks to compel Alcoa to respond to the discovery.

## I.  Alcoa Is an Absent Class Member.

Sonic argues that Alcoa should be treated as a named class member, rather than as a unnamed member of the class or an "absent" class member.

Sonic argues that Alcoa's case tactics continue a pattern of misbehavior. For instance, Alcoa, who has joined many data breach litigations, earlier removed itself as a named plaintiff in Arby's data breach litigation, only to later opt back in as a named plaintiff, make the defendant suffer through additional discovery, and then later reveal that its customers had not been impacted by the Arby's breach.[6]

In essence, Sonic argues that Alcoa should not be allowed to initiate the litigation and then recuse itself as a named class representative to avoid discovery.[7]

Although Sonic's briefs paint this as a continuing pattern of gamesmanship on Alcoa's part, Alcoa does not appear to have violated any rules of civil procedure in removing itself as a named plaintiff, nor does Sonic accuse it of doing so. Sonic contests Alcoa's characterization as an absent class member based solely on Alcoa's earlier participation in the case and its behavior in previous litigations.

Despite Sonic's arguments, Alcoa is not a named plaintiff in the amended complaint. Although Alcoa was previously named, it does not currently, nor will it moving

---

[6] Doc. 227 at 13-14.
[7] *Id.* at 13.

forward, play the named plaintiff role in the litigation. As such, treating Alcoa as a named plaintiff would ignore the litigation realities in its current state.

## II. Alcoa Is Not Immune from Discovery.

Alcoa's status as an absent class member, however, does not prevent discovery from Alcoa. Sonic may conduct discovery of an unnamed member of a proposed class, such as Alcoa, if Sonic can show need in accordance with the Manual for Complex Litigation's particularized need test: "Discovery of unnamed members of a proposed class requires a demonstration of need. If precertification discovery of unnamed class members is appropriate, the court should consider imposing limits beyond those contemplated by the Federal Rules of Civil Procedure."[8]

Sonic argues that it needs the requested information for its class certification opposition.[9] It says that Alcoa alone controls information regarding Alcoa's damages and documents underlying its settlement demand.[10] Sonic says that it needs Alcoa's information because it might reveal class conflicts between larger card issuers and smaller issuers, like Alcoa.[11]

The Plaintiffs respond that there is no particularized need because Alcoa has already provided two documents showing that Alcoa had only one compromised card and the corresponding invoice for the reissuing costs.[12] With its discovery request, Sonic, however, seeks whatever additional documentation Alcoa has, including whatever participation

---

[8] MCL—ANN § 21.14; see *In re Polyurethane Foam Antitrust Litigation*, No. 1:10 MD 2196, 2014 WL 764617, at *2 (N.D. Ohio Feb. 26, 2014) (adopting the particularized need test as outlined in the Manual for Complex Litigation).

[9]

[10]

[11]

[12] Doc. 233 at 2.

Case No. 1:17-md-2807
Gwin, J.

Alcoa had in further remediation and monitoring efforts.[13]

Sonic has shown a need for additional discovery relating to any further damages Alcoa suffered to aid in its opposition to class certification. The Court, however, will restrict the discovery as detailed below.

### III. The Settlement Privilege Is Limited.

Alcoa asserts that certain requested documents are privileged because they were used for mediation proceedings.[14] Alcoa argues that requiring it to respond to discovery would violate Federal Rule of Evidence 408, Local Rule 16.6(h), and Ohio's Uniform Mediation Act.[15]

As an initial matter, FRE 408 governs admissibility, not discoverability, so it does not control in this scenario.

Local Rule 16.6(h) states: "The entire mediation process is confidential and privileged to the extent provided under Ohio Rev. Code ch. 2710 and Sixth Circuit Law. The parties and the Mediator may not disclose information regarding the process, including settlement terms, to the Court or to third persons unless all parties otherwise agree."

The Ohio statute referenced in the local rule prevents disclosure of "mediation communications," which means "a statement, whether oral, in a record, verbal or nonverbal, that occurs during a mediation or is made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator." However, "[e]vidence or information that is otherwise admissible or subject to discovery does not become inadmissible or protected from discovery solely by reason of

---

[13] Doc. 239 at 5.
[14] Doc. 233 at 6-9.
[15] *Id.*

-4-

Case No. 1:17-md-2807
Gwin, J.

its disclosure or use in a mediation."[16]

The Sixth Circuit has recognized that settlement discussions are protected from discovery.[17]

Together, the Ohio statute and Sixth Circuit rule prevent disclosures of the mediation negotiations themselves, but not the documents the parties relied upon in preparing for the mediation, which is what Sonic seeks. In fact, as noted above, the Ohio statute explicitly exempts from the rule materials that would otherwise be admissible. Under the applicable rules, Alcoa's use of an otherwise non-privileged document during its preparations for the mediation or during the mediation itself does not shield the document from discovery.

The rules cited by Plaintiffs do not stop the discovery that Sonic seeks from Alcoa.

### IV.     Conclusion

In accordance with the foregoing, its is hereby **ORDERED** that within 10 days Alcoa must produce any documents or communications relating to the damages it suffered as a result of the data breach and relating to its participation in any remediation or monitoring efforts. Any documents Alcoa believes to be privileged must be recorded in a detailed privilege log. If Sonic wishes to pursue additional discovery from Alcoa, it must follow those procedures required for discovery of absent class members.

ITS IS SO ORDERED.

Dated: January 16, 2020                         *s/     James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[16] Ohio Uniform Mediation Act, OHIO REV. CODE §§ 2710.01, 2710.03.
[17] *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003).