UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

IN RE: SONIC CORP. CUSTOMER
DATA SECURITY BREACH
LITIGATION

(FINANCIAL INSTITUTIONS)

:
:
:
:
:
:
:
:
:
:

CASE NO. 1:17-md-2807
MDL No. 2807

ORDER

[Resolving Doc. 350; Doc. 351-1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In 2017, unidentified third parties accessed Sonic[1] customers' payment card data. The hackers obtained customer payment card information from more than three-hundred Sonic Drive-Ins. This litigation followed.

Defendants now move[2] the Court to partially reconsider its partial grant and partial denial of Defendants' motion to dismiss.[3] In the alternative, Defendants ask the Court to certify an economic loss doctrine question to the Oklahoma Supreme Court. Plaintiffs oppose.[4]

For the following reasons, the Court **DENIES** Defendants' renewed motion for partial reconsideration of the Court's partial grant and partial denial of Defendants' motion to dismiss. The Court **DENIES** Defendants' request to certify a question to the Oklahoma Supreme Court.

---

[1] Sonic Corporation and its subsidiaries and affiliates Sonic Industries Services, Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. (collectively, "Sonic" or "Sonic Defendants" or "Defendants").
[2] Doc. 350; Doc. 351-1.
[3] Doc. 304.
[4] Doc. 353.

Case No. 1:17-md-2807
Gwin, J.

I. Motion for Reconsideration

Defendants ask the Court to reconsider its motion to dismiss ruling. They argue they will suffer manifest injustice without a change to the ruling.[5] Specifically, Defendants ask the Court to reconsider whether the economic loss doctrine applies in this case.[6]

Motions for reconsideration are disfavored, as they divert judicial resources, and should not be used to "revisit arguments already made and rejected."[7] However, motions for reconsideration are appropriate where there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."[8]

Defendants have not shown that any of these four reasons apply.

Defendants argue that "given the potentially dispositive nature of the Court's Order,"[9] it would be manifestly unjust to "expose parties like the Sonic Defendants to negligence claims by wholly unrelated parties like Plaintiffs for purely economic losses . . . in the

---

[5] Doc. 351-1 at 4–5 (citing Fed. R. Civ. P. 59(e)). Defendants filed their initial motion for reconsideration on July 15, 2020, within the 28-day window provided by Rule 59(e). Doc. 308; Doc. 308-1. The Court permitted Defendants to file this renewed motion for reconsideration.

[6] Doc. 351-1 at 5. In its ruling on Defendants' motion to dismiss, the Court explained,

> Under Oklahoma law, "[w]hen a party's loss is purely economic and does not entail personal or property damage, such losses have traditionally not been protected by application of tort law."
>
> The economic loss rule originated in products liability law, but many states have expanded the principle to other areas. Oklahoma is not one of them. Defendants do not cite any case, nor is the Court aware of one, in which Oklahoma courts applied the economic loss rule to stop recovery outside products liability litigation. In fact, Defendants admit that Oklahoma has only applied the rule to bar purely economic recovery in products liability cases.

Doc. 304 at 12–13 (citing *Compsource Oklahoma v. BNY Mellon, N.A.*, No. CIV-08-469-KEW, 2009 WL 2366112, at *2 (July 31, 2009)).

[7] *Oden v. Warden*, No. 1:18-cv-420, 2020 WL 419749, at *1 (S.D. Ohio Jan. 27, 2020).

[8] *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)).

[9] Doc. 351-1 at 5.

Case No. 1:17-md-2807
Gwin, J.

absence of clear guidance from the Oklahoma Supreme Court."[10]  Defendants assert that applying the economic loss doctrine would end this case.  Defendants believe Plaintiffs have only suffered economic losses, as opposed to "physical harm or property damage."[11]

Defendants emphasize the factual differences between this case and the cases the Court cited in its motion to dismiss decision.[12]  But factual differences do not negate the fact that these cases confirm that Oklahoma state courts have only applied the economic loss doctrine in products liability contexts.[13]

Plaintiffs respond that there is no manifest injustice where Defendants cannot point to any Oklahoma case law expanding the economic loss doctrine outside of the products liability sphere, especially where, as here, the parties do not have contractual privity.[14]  To Plaintiffs, "creating new Oklahoma law for Sonic's benefit is not an adequate basis for reconsideration or certification."[15]

Defendants have not shown changes to any law or facts since the Court considered their economic loss doctrine argument in their original motion to dismiss.  They have also not established that the Court's original interpretation of the economic loss doctrine's application was incorrect.  Defendants argue that it is manifestly unjust to allow the Court's partial dismissal to stand because Plaintiffs' damages claims could be barred if the Court applied the economic loss rule.[16]  In the absence of Oklahoma case law indicating that the

---

[10] *Id.* at 7.
[11] *Id.* at 5, 7.
[12] *Id.* at 8–11.
[13] *Meier v. Chesapeake Operating LLC*, 324 F. Supp. 3d 1207, 1217 n.6 (W.D. Okla. 2018); *Lexington Ins. Co. v. Newbern Fabricating, Inc.*, No. 14-cv-0610-CVE-TLW, 2016 WL 4059251, at *6 (N.D. Okla. July 28, 2016); *Compsource Oklahoma*, 2009 WL 2366112 at *2.
[14] Doc. 353 at 3–6.
[15] *Id.* at 5–6.
[16] Doc. 351-1 at 5.

Case No. 1:17-md-2807
Gwin, J.

economic loss rule could apply in non-products liability cases, the Court is not convinced it made an error rising to the level of manifest injustice.[17]

The Court declines to reconsider its ruling. The economic loss doctrine is not applicable in this case.

## II. Request to Certify

In the alternative to their reconsideration request, Defendants ask the Court to certify a question to the Oklahoma Supreme Court:

> Whether, in data breach cases, the economic loss rule bars a financial institution plaintiff from recovering in tort, from a party with which it is not in contractual privity and with whom it does not have a "special relationship", for purely financial losses unaccompanied by physical harm or property damage.[18]

The Court will not certify this question. "The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court."[19] Still, "federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks."[20] Oklahoma law permits the Court to certify unsettled legal questions.[21] But, Defendants have not shown that the Oklahoma Supreme

---

[17] *See Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 Fed. Appx. 514, 530 (6th Cir. 2016) ("This Court has noted that its 'cases do not offer clear guidance as to what qualifies as "manifest injustice," but the plain meaning of those words is instructive.' . . . Manifest injustice is defined as '[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds.'") (quoting *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 Fed. Appx. 319, 330–31 (6th Cir. 2014) and *Black's Law Dictionary* 982 (8th ed. 2004)).

[18] Doc. 351-1 at 11.

[19] *Transam. Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir.1995) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

[20] *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (citing *Pino v. U.S.*, 507 F.3d 1233, 1236 (10th Cir. 2007)).

[21] Okla. Stat. tit. 20, §1602 ("The Supreme Court . . . may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state.").

Case No. 1:17-md-2807
Gwin, J.

Court has considered or would be willing to consider whether the economic loss doctrine extends beyond the products liability sphere.[22]

Further, the best time to seek certification "is before a District Court resolves the issue, not after receiving an unfavorable ruling."[23] Defendants did not seek to certify this question until after the Court declined to apply the economic loss doctrine in its motion to dismiss decision.

Defendants contend that they could not have proposed their question until the Court "found the Sonic Defendants to have no 'special responsibility' toward the Plaintiffs" because Defendants' question relies on the economic loss doctrine's "stranger paradigm."[24] This is not persuasive. At base, Defendants' question is whether the economic loss doctrine's application should be expanded under Oklahoma law. This could have been raised before the Court's motion to dismiss decision.

Finally, certifying Defendants' question could substantially delay this case without any indication that the Oklahoma Supreme Court would take up or resolve the issue.

III. Conclusion

The Court **DENIES** Defendants' renewed motion for partial reconsideration of the Court's partial grant and partial denial of Defendants' motion to dismiss. The Court **DENIES** Defendants' request to certify a question to the Oklahoma Supreme Court.

ITS IS SO ORDERED.

---

[22] Defendants note that a plaintiff sought certification for a similar question in the Western District of Oklahoma in 2011, but the case was dismissed and the request mooted. Doc. 351-1 at 12 n.2.

[23] *City of Columbus v. Hotels.com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012) (quoting *Local 219 Plumbing & Pipefitting Indus. Pension Fund v. Buck Consultants, LLC,* 311 Fed. Appx. 827, 832 (6th Cir.2009)).

[24] Doc. 355 at 1–2.

-5-

Case No. 1:17-md-2807
Gwin, J.

Dated: January 19, 2021          *s/     James S. Gwin*
                                                                                       JAMES S. GWIN
                                                                                       UNITED STATES DISTRICT JUDGE