UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

IN RE: SONIC CORP. CUSTOMER
DATA SECURITY BREACH
LITIGATION

(FINANCIAL INSTITUTIONS)

:
:
:
:
:
:
:
:
:

CASE NO. 1:17-md-2807
MDL No. 2807

ORDER

[Resolving Doc. 339; Doc. 310]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In 2017, unidentified third parties accessed Sonic[1] customers' payment card data. The hackers obtained customer payment card information from more than three-hundred Sonic Drive-Ins. This litigation followed.

In the course of motions practice, Plaintiffs filed a motion to strike Defendants' Reply in support of Defendants' Summary Judgment motion.[2] Defendants' Reply brief is over 30 pages long[3] with an additional 153 pages of appendixes.[4] The appendixes detail Defendants' evidentiary objections to Plaintiffs' Opposition to Defendants' Summary Judgment motion.[5]

Defendants oppose Plaintiffs' motion to strike.[6]

Local Rule 7.1(f) provides that, absent prior approval, a brief related to a standard-track dispositive motion should not exceed 20 pages.[7] However, "[a]ppendices of

---

[1] Sonic Corporation and its subsidiaries and affiliates Sonic Industries Services, Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. (collectively, "Sonic" or "Sonic Defendants" or "Defendants").
[2] Doc. 339.
[3] Doc. 332.
[4] Doc. 332-1; Doc. 332-2; Doc. 332-3.
[5] Id.
[6] Doc. 341.
[7] Local Rule 7.1(f).

Case No. 1:17-md-2807
Gwin, J.

evidentiary, statutory or other materials are excluded from these page limitations."[8] The Court may sanction parties for noncomplying briefs.[9]

The Court recognizes that Defendants sought approval for their noncomplying brief by filing a motion for leave on the same day and directly before they filed their Reply brief.[10] However, Defendants did not have leave to file their over-long brief.

Defendants also argue that Plaintiffs' motion is inappropriate under Federal Rule of Civil Procedure 12(f), which permits motions to strike pleadings, not dispositive motion-related briefs.[11] Even still, Local Rule 7.1 permits the Court's actions in this instance.

The Court **GRANTS** Plaintiffs motion to strike. Defendants may file a new Reply brief within 14 days of this order. The substitute brief must not exceed 20 pages. Defendants are reminded that the appendixes can append exhibits, which are not page-limited under the local rules; appendixes cannot be used to circumvent briefing page limit. The appendixes should include exhibits. They cannot contain additional argument.

The Court **GRANTS** Plaintiffs leave to file a responsive sur-reply brief within 14 days after Defendants' file their substitute Reply brief.[12]

Finally, the Court **DENIES** Defendants motion for leave to file excess pages for their Reply brief in support of their Summary Judgment motion.[13]

ITS IS SO ORDERED.

---

[8] *Id.*
[9] *Id.*
[10] Doc. 331; Doc. 341 at 6.
[11] Doc. 341 at 5; Fed. R. Civ. P. 12(f).
[12] Given the considerable evidentiary objections Defendants' raised in their Reply brief, a sur-reply is warranted here. *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010).
[13] Doc. 310.

Case No. 1:17-md-2807
Gwin, J.

Dated: February 17, 2021          *s/     James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE