UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

IN RE: SONIC CORP. CUSTOMER
DATA SECURITY BREACH
LITIGATION

(FINANCIAL INSTITUTIONS)

CASE NO. 1:17-md-2807
MDL No. 2807

ORDER

[Resolving Doc. 328; Doc. 394]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In 2017, unidentified third parties accessed Sonic[1] customers' payment card data. The hackers obtained customer payment card information from more than three-hundred Sonic Drive-Ins. This litigation followed and the Court granted class certification.[2]

Before the Court are two motions to seal exhibits, one motion from Plaintiffs[3] and one from non-party Visa Inc.[4] For the following reasons, the Court **DENIES** Plaintiffs' motion to seal and **DENIES IN PART AND GRANTS IN PART** Visa Inc.'s motion to seal.

I.  Plaintiffs' Motion to Seal

Plaintiffs seek to file under seal summary judgment-related exhibits marked "Confidential" and "Attorney's Eyes Only" pursuant to the parties' stipulated protective order.[5] As with earlier motions to seal in this matter, the Court denies the current motion to seal.

---

[1] Sonic Corporation and its subsidiaries and affiliates Sonic Industries Services, Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. (collectively, "Sonic" or "Sonic Defendants" or "Defendants").
[2] Doc. 343; Doc. 348.
[3] Doc. 328.
[4] Doc. 394.
[5] *See* Doc. 189.

Case No. 1:17-md-2807
Gwin, J.

The Sixth Circuit instructs that filings can only be sealed for "the most compelling reasons."[6] Further, while "a district court may enter a protective order limiting the use or disclosure of discovery materials" for good cause, "[a]t the adjudication stage . . . very different considerations apply."[7] Pleadings, briefs, and filings are given a "strong presumption in favor of openness" because they are "the sort of records that would help the public assess for itself the merits of judicial decisions."[8]

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), [are] typically enough to overcome the presumption of access."[9]

The party moving to seal documents has the heavy burden of demonstrating: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored."[10] In a class actions "particular strictness" applies to "the standards for denying public access to the record."[11]

Generalized arguments for sealing are insufficient. The Sixth Circuit requires that parties seeking to seal documents must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."[12] Here, the parties offer no

---

[6] *Kondash v. Kia Motors America, Inc.*, 767 Fed. App'x. 635, 637 (6th Cir. 2019) (alteration in original).
[7] *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted).
[8] *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 304–05 (6th Cir. 2016)).
[9] *Shane Grp.*, 825 F.3d at 308.
[10] *Kondash*, 767 Fed. App'x. at 637 (6th Cir. 2019).
[11] *Shane Grp.*, 825 F.3d at 305 (citation omitted).
[12] *Id.* (citation omitted).

Case No. 1:17-md-2807
Gwin, J.

such detailed "document by document" sealing justification.

Here, Plaintiffs have not provided an explanation or evidence that they have a compelling interest in sealing their Opposition brief and exhibits. With only the parties' own "Confidential" or "Attorney's Eyes Only" designation as guidance, the Court does not find that the documents should be sealed. Plaintiffs also state that they "would not oppose a request from Sonic or Order from the Court directing the exhibits be filed on the public docket."[13]

Plaintiffs' motion to file its summary judgment-related documents and exhibits under seal is denied.

## II.     Visa Inc.'s Motion to Seal

Non-party Visa Inc. also asks the Court to allow Plaintiffs to file under seal their summary judgment-related Exhibit EEE.[14] Exhibit EEE is a copy of an "Event Qualification Summary Under The Visa Global Compromised Account Recovery (GCAR) Program" "prepared in connection with" the Sonic data breach.[15] Visa explains that the Qualification Summary document contains "highly commercially sensitive" information. Visa is concerned about potential competitive harm if the Qualification Summary is publicly disclosed.[16]

Visa's motion describes the Qualification Summary's contents, and the Court uses that description to determine which aspects of the exhibit appears to contain proprietary information that Visa does not need to disclose.[17] Briefly, the Qualification Summary may

---

[13] Doc. 328 at 2.
[14] Doc. 394 (referencing Doc. 368-7).
[15] Doc. 394 at 1.
[16] *Id.* at 2.
[17] *Kondash*, 767 Fed. App'x. at 638 ("While the existence of a trade secret will generally satisfy a party's

-3-

Case No. 1:17-md-2807
Gwin, J.

be redacted to exclude information about Visa, Inc.'s internal processes and standards, but information pertaining to the Sonic data breach is of greater interest to both the public and the Court in this matter.

Plaintiffs **may redact** information regarding "details of Visa's internal systems, databases," Visa's "processes for analyzing . . . sensitive cardholder account information, descriptions of Visa's contractual rules with its clients, [and] Visa's application of the confidential processes of its proprietary GCAR program."[18] Any Visa-customer personal information, such as names, addresses, or account information, may be redacted if it is included in the Qualification Summary. The Court recognizes that these aspects of the Qualification Summary may contain Visa's proprietary information.

Plaintiffs **may not redact** "confidential information regarding Sonic's data security practices and results of a forensic investigation conducted by an independent forensic investigator, highly sensitive information about overall fraud and counterfeit fraud transactions reported by Visa Issuers regarding certain accounts that transacted at Sonic during relevant time frames, and the number of accounts impacted across Visa Issuers."[19] The Court does not find evidence that disclosing these aspects of the Qualification Summary will put Visa at a competitive disadvantage.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to seal, and **DENIES IN PART AND GRANTS IN PART** Visa Inc.'s motion to seal.

---

burden of showing a compelling reason for sealing documents, even if a trade secret does not exist, a court may still find a compelling reason exists; further, even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret.").

[18] Doc. 394 at 3.
[19] *Id.*

Case No. 1:17-md-2807
Gwin, J.

ITS IS SO ORDERED.

Dated: July 30, 2021                 _s/ James S. Gwin_
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE