UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| IN RE: SONIC CORP. CUSTOMER DATA SECURITY BREACH LITIGATION | : : : : | CASE NO. 1:17-md-2807 MDL No. 2807 ORDER |
| (FINANCIAL INSTITUTIONS) | : : : | [Resolving Doc. 424] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this class action suit, Plaintiff Financial Institutions sue Defendant Sonic Corporation[1] for harms arising from a data breach. In a matter now before the Court, Sonic moves for a protective order to quash Plaintiffs' Rule30(b)(6) Deposition Notice.[2] Plaintiffs argue that the deposition is necessary to establish foundational facts about relevant Sonic documents.[3]

Generally, parties may obtain discovery regarding any relevant non-privileged matter.[4] A district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[5] To justify a protective order, the "harassment or oppression should be unreasonable."[6] The court balances "the burdens on the deponent with the need for access to information relevant to

---

[1] Sonic Corporation and its subsidiaries and affiliates Sonic Industries Services, Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. (collectively hereafter "Sonic" or "Sonic Defendants").
[2] Doc. 424.
[3] Doc. 440.
[4] Fed. R. Civ. Pro. 26(b)(1).
[5] Fed. R. Civ. Pro. 26(c)(1).
[6] *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012). (quoting 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2036 (3d ed. 2012)).

Case No. 1:17-md-2807
Gwin, J.

the case."[7]

Here, Sonic fails to show unreasonable harassment or oppression to justify a protective order quashing Plaintiffs' notice of a Rule 30(b)(6) deposition.

To show the burden of complying with the deposition notice, Sonic points to the time it would take to prepare deponents.[8] The Court weighs that burden against the likely benefit, along with "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues."[9]

Here, the benefit of the depositions, the parties' relative access to relevant information, and the importance of discovery support the proportionality of the noticed deposition. Plaintiffs seek to establish a foundation for relevant documents pertaining to Sonic's cybersecurity system to avoid unnecessary witnesses and to allow an efficient trial. Sonic controls this foundational information for Sonic documents. Resolving these issues efficiently will allow the case to proceed to trial.

In addition, the issues at stake in this action are highly important. This suit involves harm arising from a data breach of more than seven hundred Sonic franchises.[10]

In light of these factors, the burden of preparing for a Rule 30(b) deposition does not rise to the level of unreasonable harassment or oppression. This Court recognizes the time required to comply with the deposition notice but finds that this burden is outweighed by other factors. And, as discussed at the recent status conference, the completion of this

---

[7] *Id.* at 902.
[8] Doc. 424 at 11-13; Doc. 442 at 7.
[9] Fed. R. Civ. Pro. 26(b)(1).
[10] Doc. 453.

Case No. 1:17-md-2807
Gwin, J.

document discovery will better position the case for remand to the MDL Transferor Court or for trial.

For these reasons, the Court **DENIES** the motion for a protective order. The Court does, however, find that a limited scope for the depositions is appropriate.[11] The Court **ORDERS** that the Rule30(b) deposition should be limited to foundational issues. Plaintiffs may take testimony from a witness on facts relevant to the admissibility of documents, such as who created the documents, when the documents were created, the position of the document author within Sonic, whether the document author was performing work for Sonic when the document was created, and what responsibilities the authors had. The questioning should not be duplicative of the depositions that have already taken place.[12]

\*       \*       \*

The Court also offers a written explanation of a matter discussed at the September 16, 2021, status conference. In colloquy, counsel for Defendant Sonic sought clarification on the legal effect of the Court's order denying Sonic's motion for summary judgment.[13] Counsel asked whether the Court's findings regarding Sonic's duty was a final determination that Sonic had a duty in this case.

The Court's order denied Sonic's summary judgment motion and did not enter final judgment on any issue. Plaintiffs made no motion seeking summary judgment regarding Sonic's duty and the Court's ruling did not decide whether Plaintiffs were entitled to summary judgment on Sonic's duty.

---

[11] *MLO Properties, LLC v. City of Cleveland*, 1:19CV1226, 2020 WL 6818753, at \*6 (N.D. Ohio June 19, 2020).
[12] *Scott v. Abernathy Motorcycle Sales, Inc.*, 1:18-cv-01077-STA-JAY, 2020 WL 1666945 at \*3 (W.D. Tenn. Apr. 3, 2020).
[13] Doc. 453.

Case No. 1:17-md-2807
Gwin, J.

Here, Plaintiffs provided sufficient evidence to defeat a summary judgment holding in favor of Sonic on the issue of duty. To ultimately prevail in this case, Plaintiffs will have the burden of establishing the elements of their negligence claim, including duty.[14]

Under Oklahoma law, duty is a legal issue for the court to decide.[15] The issue operates as "a minimum threshold legal requirement for opening the courthouse doors."[16] Where a court holds that a duty exists, those doors remain open to the plaintiff to bring a negligence claim to trial.[17]

Duty is a legal issue that the Court will decide based upon the evidence presented at trial.

ITS IS SO ORDERED.

Dated: September 20, 2021            *s/      James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[14] *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1227 (10th Cir. 2007) (applying Oklahoma law).
[15] *McGehee v. Forest Oil Corp.*, 908 F.3d 619, 624 (10th Cir. 2018) (applying Oklahoma law).
[16] *Delbrel v. Doenges Bros. Ford, Inc.*, 913 P.2d 1318, 1322 (Okla. 1996).
[17] *Id.*