IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: SONIC CORP. CUSTOMER DATA SECURITY BREACH LITIGATION | CASE NO. 1:17-md-2807 |
| | MDL No. 2807 |
| (FINANCIAL INSTITUTIONS) | CLASS ACTION |
| | **DECLARATION OF GIO SANTIAGO REGARDING SETTLEMENT ADMINISTRATION AND NOTICE PROCEDURES** |

1

1

2          I, Gio Santiago, declare and state as follows:

3

4          1.        I am a Senior Project Manager with KCC Class Action Services, LLC ("KCC").

5    Pursuant to the Preliminary Approval Order dated May 10, 2022, the Court appointed KCC as the

6    Claims Administrator in connection with the proposed Settlement of the above-captioned Action.[1]

     I have personal knowledge of the matters stated herein and, if called upon, could and would testify

7    thereto.

8                              **CLASS MAILING LIST**

9          2.        On May 23, 2022, KCC received a list of 5,126 records identified as the list of

10   potential Class members to whom Notice was previously sent upon the Court's certification of the

11   liability class ("Class Mailing List").  My understanding is that this list was comprised of payment

12   card-issuing financial institutions who received alerts from major card brands.  The Class Mailing

13   List included Database ID, Financial Institution Source, Source File ID, MC_ICA, Bank Name,

14   Address Source, and Address fields. KCC formatted the list for mailing purposes, removed

15   duplicate records, and processed the names and addresses through the National Change of Address

16   Database ("NCOA") to update any addresses on file with the United States Postal Service

17   ("USPS").  A total of 203 addresses were found and updated via NCOA.  KCC updated its

18   proprietary database with the Class Mailing List.  After removing all duplicate addresses, the total

19   Class Mailing List included 5,085 unique records.

20                        **MAILING OF THE NOTICE PACKET**

21         3.        On June 9, 2022, KCC caused the Long Form Notice and Claim Form (collectively,

22   the "Notice Packet") to be printed and mailed to the 5,085 names and mailing addresses in the Class

23   Mailing List.  The Long Form Notice included information about the litigation, a description of the

24   settlement and its benefits, and notice of class members' rights to object, opt out, or submit a claim,

25   including the deadline to do so.  A true and correct copy of the Notice Packet is attached hereto as

26   Exhibit A.

27

28   _____
     [1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
     Settlement Agreement and/or the Preliminary Approval Order.

4. The Notice Program is consistent with other effective, court-approved settlement notice programs and is designed to meet due process requirements. It is the best notice practicable and meets the requirements of due process found in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). The Notice Plan and notice documents are consistent with the notice plan approved by this Court and also consistent with the guidelines set forth in Rule 23, the Manual for Complex Litigation, Fourth, and the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide.

5. Since mailing the Notice Packets to the potential Class Members, KCC has received 307 Notice Packets returned by the USPS with undeliverable addresses. Through credit bureau and/or other public source databases, KCC performed address searches for these undeliverable Notice Packets and was not able to find updated addresses for these potential Class Members.

## SETTLEMENT WEBSITE

6. On or about June 9, 2022, KCC established a website [www.sonicdatabreachfinancialinstitutionsettlement.com] dedicated to this matter to provide information to the potential Class Members and to answer frequently asked questions. The website URL was set forth in the Notice Packet and Claim Form. Visitors of the website can download copies of the Notice, Claim Form, and other case-related documents. Visitors can also submit claims online, and, if applicable, upload supporting documentation. As of September 15, 2022, the website has received 4,056 visits.

## TELEPHONE HOTLINE

7. KCC established and continues to maintain a toll-free telephone number (1-888-320-0971) for potential Class Members to call and obtain information about the Settlement, request a Notice Packet, and/or seek assistance from a live operator during regular business hours. The telephone hotline became operational on June 9, 2022. As of September 15, 2022, KCC has received a total of 26 calls to the telephone hotline.

3

8.      In administering the Settlement, KCC also assisted certain Class members who experienced difficulties submitting their claims, and successfully resolved those issues.  KCC took the resolution of any claim submission issues seriously and communicated frequently to ensure any such issues were fully resolved and investigated.  KCC will continue to assist any Class member who presents issues with claims submission or the administration of the Settlement.

### CLAIM FORMS

9.      The postmark deadline for Class Members to file claims in this matter was September 7, 2022.  To date, KCC has received 360 claim forms.  Of those claim forms, 60 are currently valid.  KCC expects additional timely-filed claim forms to arrive over the next upcoming weeks.  For those that are invalid, KCC is sending requests for Claim Supplementation on a rolling basis.  It is possible the total number of valid claims could change depending on responses to those requests and as timely paper claims continue to be received.

### REPORT ON EXCLUSION REQUESTS RECEIVED TO DATE

10.      The Notice informs Class Members that requests for exclusion from the Class must be postmarked no later than September 7, 2022.  As of the date of this declaration, KCC has received 2 requests for exclusion. A list of the financial institutions requesting to be excluded is attached hereto as Exhibit B.

### OBJECTIONS TO THE SETTLEMENT

11.      The postmark deadline for Class Members to object to the settlement was September 7, 2022.  As of the date of this declaration, KCC has received no objections to the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2022.

_____
Gio Santiago

DECLARATION OF GIO SANTIAGO RE: NOTICE PROCEDURES

# EXHIBIT A

*Sonic Corp. Financial Institution Data Breach Litigation*
P.O. Box 43434
Providence, RI 02940-3434

## S3N

«3of9 barcode »

«BARCODE»
Postal Service: Please do not mark barcode

S3N «Claim Number»
«FIRST1» «LAST1»
«ADDRESS LINE 1» «ADDRESS LINE 2»
«CITY», «STATE»«PROVINCE» «POSTALCODE» «COUNTRY»

*IN RE: SONIC CORP. CUSTOMER DATA BREACH LITIGATION – FINANCIAL INSTITUTIONS TRACK*

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

MDL Case No. 1:17-md-02807-JSG (N.D. Ohio)

**Must Be Postmarked No Later Than September 7, 2022**

Claim Number: «Claim Number»

PIN: «PIN»

# Claim Form

**CHANGE OF ADDRESS (ONLY IF DIFFERENT FROM ABOVE)**

Primary Address

Primary Address Continued

City | State | ZIP Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

**COMPLETE AND SIGN THIS CLAIM FORM AND SUBMIT ONLINE NO LATER THAN SEPTEMBER 7, 2022 at WWW.SONICDATABREACHFINANCIALINSTITUTIONSETTLEMENT.COM OR SUBMIT BY MAIL, POSTMARKED NO LATER THAN SEPTEMBER 7, 2022, AT:**

*Sonic Corp. Financial Institution Data Breach Litigation*, P.O. Box 43434, Providence, RI 02940-3434

Use this Claim Form if your financial institution is a Class Member that is entitled to submit a claim under the Settlement. See www.SonicDataBreachFinancialInstitutionSettlement.com for more information.

**CLASS MEMBER INFORMATION.** Please legibly print or type the following information:

Name of Financial Institution/Class Member

Name of Person Filling Out This Form

Your Title at the Financial Institution

Email Address (if provided, we will communicate primarily by email about your claim)

Area Code | Telephone Number (home) | Area Code | Telephone Number (work)



FOR CLAIMS PROCESSING ONLY | OB | CB | ○ DOC  ○ LC  ○ REV | ○ RED  ○ A  ○ B

1

**CLAIM SUBMITTAL.** There are two options for you to submit a claim, each of which is described below. Submit your Claim Form using only one of the two options. **Please note that if you choose Option One, your claim may be simpler to prepare and less likely to be audited. If you need assistance or have questions regarding the completion of this Claim Form, please contact 888-320-0971.**

<u>**OPTION ONE**</u>

**Materials to Gather to Complete Option One on this Claim Form:** For an issuer of Visa-branded payment cards, the payment account numbers ("PANs") that appeared in a PA or IC CAMS alert in the US-2017-0500 series sent by Visa between October 13, 2017 and August 27, 2018 ("Prior Visa Alert").  For an issuer of MasterCard-branded payment cards, the PANs that appeared in an ADC alert in the ADC004195-US-17 series sent by MasterCard on November 3, 2017 and August 7, 2018 ("Prior MasterCard Alert"). For each PAN you identify that appeared on a Prior Visa Alert or Prior MasterCard Alert, you must also determine: (a) whether your Financial Institution reissued the payment card associated with each PAN **and** the date of such reissuance; (b) whether the payment card associated with each PAN experienced fraudulent charges **and** the date of such fraudulent charges; **and** (c) the first Prior Visa Alert/Prior MasterCard Alert that each identified payment card appeared on.

The Settlement Agreement defines "Eligible Alerted-On Payment Card" as An Alerted-On Payment Card that: (i) was originally issued by a Class Member; (ii) was included in a Prior Alert; **and** (iii) incurred fraud and/or was reissued by a Class Member within the four-week period of time after such Alerted-On Payment Card first appeared on a Prior Alert.

Use this Claim Form if your financial institution wants to receive a payment per Eligible Alerted-On Payment Card. If your financial institution seeks to recover Reissuance Payments, please submit the attached "Reissuance Payment Spreadsheet" with this Claim Form. If your financial institution seeks to recover Fraud Payments, please submit the attached "Fraud Payment Spreadsheet" with this Claim Form.

**CERTIFICATION OF PAYMENT CARDS.** (To determine if your financial institution is eligible for Reissuance Payments and/or Fraud Payments, answer Questions 1 through 6 below.)

   **A.**  **REISSUANCE PAYMENTS:** $1.00 for each Alerted-On Payment Card that: (i) was originally issued by a Class Member; (ii) was included in a Prior Visa Alert or Prior MasterCard Alert; **and** (iii) was reissued by a Class Member within the four-week period of time after such Alerted-On Payment Card first appeared on a Prior Visa Alert or Prior MasterCard Alert. The amount of Reissuance Payments may be adjusted downward depending on the number of claimants.

   **B.**  **FRAUD PAYMENTS:** $1.50 for each Alerted-On Payment Card that: (i) was originally issued by a Class Member; (ii) was included in a Prior Visa Alert or Prior MasterCard Alert; **and** (iii) incurred fraud within the four-week period of time after such Alerted-On Payment Card first appeared on a Prior Visa Alert or Prior MasterCard Alert. The amount of Reissuance Payments may be adjusted downward depending on the number of claimants.

<u>**A Class Member cannot receive a Reissuance Payment and a Fraud Payment for the same Eligible Alerted-On Payment Card. However, any Class Member may submit claims for Reissuance Payments and Fraud Payments for different Eligible Alerted-On Payment Cards, so long as it submits only one claim (whether for a Reissuance Payment or a Fraud Payment) per Eligible Alerted-On Payment Card.**</u>



**Please answer the following questions to determine your eligibility for a payment of $1.00 or $1.50 per Eligible Alerted-On Payment Card:**

| | |
|---|---|
| **1.** | Did you submit a Reissuance Payment Spreadsheet with this Claim Form?<br><br>**Yes** ⚪ *(You could be eligible for Reissuance Payments (Proceed to Question 2)*<br>**No** ⚪ *(You are not eligible for a Reissuance Payment under Option One; Jump to Question 4 or move to Option Two for claim submittal)* |
| **2.** | Based on your Reissuance Payment Spreadsheet, did you reissue any Alerted-On Payment Cards within the four-week period of time after such Alerted-On Payment Cards first appeared on a Prior Visa Alert or Prior MasterCard Alert?<br><br>**Yes** ⚪ *(You are eligible for Reissuance Payments (Proceed to Question 3)*<br>**No** ⚪ *(You are not eligible for a Reissuance Payment; Jump to Question 4)* |
| **3.** | How many Alerted-On Payment Cards did you reissue within the four-week period of time after such Alerted-On Payment Cards first appeared on a Prior Visa Alert or Prior MasterCard Alert? Insert number here:<br><br>[ ][ ][ ][ ]<br><br>Multiply the above number by $1.00 to determine the total amount of Reissuance Payments you are entitled to receive:<br><br>$ [ ][ ][ ] . [ ][ ]<br><br>**Proceed to Question 4.** |
| **4.** | Did you submit a Fraud Payment Spreadsheet with this Claim Form?<br><br>**Yes** ⚪ *(You could be eligible for Fraud Payments (Proceed to Question 5)*<br>**No** ⚪ *(You are not eligible for a Fraud Payment under Option One; either submit your claim with only the Reissuance Payments described above, or move to Option Two for claim submittal)* |
| **5.** | Based on your Fraud Payment Spreadsheet, did you issue any Alerted-On Payment Cards that incurred fraud within the four-week period of time after such Alerted-On Payment Cards first appeared on a Prior Visa Alert or Prior MasterCard Alert?<br><br>**Yes** ⚪ *(You are eligible for Fraud Payments (Proceed to Question 6)*<br>**No** ⚪ *(You are not eligible for a Fraud Payment)* |
| **6.** | How many Alerted-On Payment Cards incurred fraud within the four-week period of time after such Alerted-On Payment Cards first appeared on a Prior Visa Alert or Prior MasterCard Alert? Insert number here:<br><br>[ ][ ][ ][ ]<br><br>Multiply the above number by $1.50 to determine the total amount of Fraud Payments you are entitled to receive:<br><br>$ [ ][ ][ ] . [ ][ ] |



## OPTION TWO

Instead of completing the spreadsheets and Option One, you may choose the following option to submit your claim. To do so, you must attach to this Claim Form a written explanation, which will be under penalty of perjury as described below, describing the process and methodology you used to determine that you had Eligible Alerted-On Payment Cards and that those cards are eligible for either Reissuance Payments and/or Fraud Payments (but not both for any one card) and an explanation for why those requests meet the qualification criteria. **Importantly, if you choose Option Two, your claim is more likely to be audited.**

The Settlement Agreement defines "Eligible Alerted-On Payment Card" as an Alerted-On Payment Card that: (i) your Financial Institution originally issued; (ii) was included in a Prior Alert; **and** (iii) incurred fraud and/or was reissued by a Class Member within the four-week period of time after such Alerted-On Payment Card first appeared on a Prior Alert.

Use this Claim Form if your financial institution wants to receive a payment per Eligible Alerted-On Payment Card.

**CERTIFICATION OF PAYMENT CARDS.** (To determine if your financial institution is eligible for Reissuance Payments and/or Fraud Payments, answer Questions 1 through 6 below.)

    **A. REISSUANCE PAYMENTS:** $1.00 for each Alerted-On Payment Card that: (i) your Financial Instiution originally issued; (ii) was included in a Prior Visa Alert or Prior MasterCard Alert; **and** (iii) your Financial Institution reissued within the four-week period of time after such Alerted-On Payment Card first appeared on a Prior Visa Alert or Prior MasterCard Alert. The amount of Reissuance Payments may be adjusted downward depending on the number of claimants.

    **B. FRAUD PAYMENTS:** $1.50 for each Alerted-On Payment Card that: (i) your Financial Institution originally issued; (ii) was included in a Prior Visa Alert or Prior MasterCard Alert; **and** (iii) incurred fraud within the four-week period of time after such Alerted-On Payment Card first appeared on a Prior Visa Alert or Prior MasterCard Alert. The amount of Reissuance Payments may be adjusted downward depending on the number of claimants.

**<u>A Class Member cannot receive a Reissuance Payment and a Fraud Payment for the same Eligible Alerted-On Payment Card. However, any Class Member may submit claims for Reissuance Payments and Fraud Payments for different Eligible Alerted-On Payment Cards, so long as it submits only one claim (whether for a Reissuance Payment or a Fraud Payment) per Eligible Alerted-On Payment Card.</u>**

**Please answer the following questions to determine your eligibility for a payment of $1.00 or $1.50 per Eligible Alerted-On Payment Card:**

| | |
|---|---|
| **1.** | Did you attach to this Claim Form a written explanation signed under penalty of perjury describing  the process and methodology you used to determine your requests for Reissuance Payments and an explanation for why those requests meet the qualification criteria?<br><br>**<u>Yes</u>** ◯ *(You could be eligible for Reissuance Payments (Proceed to Question 2)*<br>**<u>No</u>** ◯ *(You are not eligible for a Reissuance Payment under Option One; Jump to Question 4 for claim submittal)* |
| **2.** | Based on your written explanation and methodology, did you reissue any Alerted-On Payment Cards within the four-week period of time after such Alerted-On Payment Cards first appeared on a Prior Visa Alert or Prior MasterCard Alert?<br><br>**<u>Yes</u>** ◯ *(You are eligible for Reissuance Payments (Proceed to Question 3)*<br>**<u>No</u>** ◯ *(You are not eligible for a Reissuance Payment; Jump to Question 4)* |
| **3.** | How many Alerted-On Payment Cards did you reissue within the four-week period of time after such Alerted-On Payment Cards first appeared on a Prior Visa Alert or Prior MasterCard Alert? Insert number here:<br><br>Multiply the above number by $1.00 to determine the total amount of Reissuance Payments you are entitled to receive:<br><br>**$**  **Proceed to Question 4.** |
| **4.** | Did you attach to this Claim Form a written explanation signed under penalty of perjury describing the process and methodology you used to determine which of your Alerted-On Payment Cards, if any, qualify for Fraud Payments and an explanation for why those requests meet the qualification criteria?<br><br>**<u>Yes</u>** ◯ *(You could be eligible for Fraud Payments (Proceed to Question 5)*<br>**<u>No</u>** ◯ *(You are not eligible for a Fraud Payment under Option One;* |



| **5.** | Based on your written explanation and methodology, did you issue any Alerted-On Payment Cards that incurred fraud within the four-week period of time after such Alerted-On Payment Cards first appeared on a Prior Visa Alert or Prior MasterCard Alert? |
|---|---|
| | <u>**Yes**</u> ⚪ *(You are eligible for Fraud Payments (Proceed to Question 6)* |
| | <u>**No**</u> ⚪ *(You are not eligible for a Fraud Payment)* |

| **6.** | How many Alerted-On Payment Cards incurred fraud within the four-week period of time after such Alerted-On Payment Cards first appeared on a Prior Visa Alert or Prior MasterCard Alert? Insert number here: |
|---|---|
| | |
| | Multiply the above number by $1.50 to determine the total amount of Fraud Payments you are entitled to receive: |
| | $ ☐☐☐ . ☐☐ |

## SIGN CLAIM FORM

By submitting this Claim Form, the above-named Class Member certifies that it is eligible to make a claim in this Settlement and that the information provided in this Claim Form and in the attachments thereto is true and correct. The Duly Authorized Representative of the Class Member declares under penalty of perjury under the laws of the United States of America that all statements in this Claim Form, including any spreadsheet or written explanation accompanying this Claim Form, which are incorporated by reference herein,  are true and correct. The above-named Class Member understands that the claim made in this Claim Form may be subject to audit, verification, and Court review.

_____

Signature of Duly Authorized Representative
of Settlement Class Member

_____

Date (mm/dd/yyyy)

_____

Print Name

_____

Title

## CLAIM FORM SUBMISSION REMINDERS

- You may submit your Claim Form and attachments by mail at *Sonic Corp. Financial Institution Data Breach Litigation*, P.O. Box 43434, Providence, RI 02940-3434 or through the Settlement Website at www.SonicDataBreachFinancialInstitutionSettlement.com.
- Please keep a copy of this Claim Form and attachments if submitting by mail.
- Claim Forms and attachments must be submitted through the website by September 7, 2022 or mailed so that they are postmarked by September 7, 2022.



**Reissuance Payment Spreadsheet**

| Reissued Alerted-On Payment Card (Last five digits of 16-Digit PAN) | Reissuance Date for Alerted-On Payment Card in Column "A" | First Prior Alert Each Card in Column "A" Appeared On (e.g., IC/PA/ADC number) | Date Each Prior Alert in Column "C" Was Issued (e.g., Day, Month, Year) |
|---|---|---|---|
| Column A | Column B | Column C | Column D |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |



**Fraud Payment Spreadsheet**

| Alerted-On Payment Card with Fraud Charges (Last five digits of 16-Digit PAN) | Reissuance Date for Alerted-On Payment Card in Column "A" | First Prior Alert Each Card in Column "A" Appeared On (e.g., IC/PA/ADC number) | Date Each Prior Alert in Column "C" Was Issued (e.g., Day, Month, Year) |
|---|---|---|---|
| Column A | Column B | Column C | Column D |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

THIS PAGE INTENTIONALLY LEFT BLANK



UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

**If your financial institution issued credit or debit cards or reimbursed compromised accounts as a result of the third-party cyberattack Sonic announced in 2017, it may be eligible for a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been proposed in a class action lawsuit against Sonic LLC (f/k/a Sonic Corp.), Sonic Industries Services Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc.[1] (collectively, "the Sonic Defendants") regarding the third-party cyberattack targeting the point-of-sale systems of Sonic Drive-Ins believed to have occurred from April 7, 2017 through October 28, 2017 (the "Data Breach").

- The lawsuit, called *In re: Sonic Corp. Customer Data Breach Litigation – Financial Institutions Track*, MDL Case No. 1:17-md-02807-JSG (N.D. Ohio), alleges that the Sonic Defendants are legally responsible for the Data Breach and asserts claims for negligence and negligence per se. The Sonic Defendants deny these allegations.

- Plaintiffs brought the action as a class action on behalf of themselves and other similarly situated financial institutions allegedly affected by the Data Breach.

- If the Settlement becomes effective, the Sonic Defendants will pay, on a claims-made basis, up to $3,000,000 to fund distributions to those financial institutions who submit timely and valid claims, are covered by the Settlement, and do not exclude themselves from the Settlement.

- Your financial institution is receiving this notice because it may be one of the financial institutions covered by the Settlement.

***Your financial institution's legal rights will be affected, whether it acts or not, if it is covered by the Settlement and the Settlement becomes effective. Read this notice carefully.***

| YOUR FINANCIAL INSTITUTION'S LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If your financial institution is covered by the Settlement, does not ask to be excluded, and submits a valid claim, it will receive a cash payment if the Settlement becomes effective. Submitting a claim is the only way for covered financial institutions to receive a payment as part of the Settlement. |
| **EXCLUDE YOURSELF** | If your financial institution asks to be excluded from the Settlement, it will not receive a cash payment but may still be able to file its own lawsuit against the Sonic Defendants for the Data Breach. If the Settlement becomes effective, excluding your financial institution from the Settlement is the only option that allows it to file or be part of another lawsuit against the Sonic Defendants concerning the claims being resolved by the Settlement. |
| **OBJECT** | If your financial institution is covered by the Settlement and does not ask to be excluded, it can file an objection telling the court in charge of the litigation why it doesn't like the Settlement. It can also ask to speak in court about its objection(s) to the Settlement. |
| **DO NOTHING** | If your financial institution is covered by the Settlement and does nothing, it will not receive a cash payment and, if the Settlement becomes effective, it will give up its rights to be part of any other lawsuit against the Sonic Defendants concerning the claims being resolved in the Settlement. |

- These rights and options–**and the deadlines to exercise them**–are explained in this notice.

- The court in charge of the litigation still needs to decide whether to approve the Settlement. Payments otherwise due under the Settlement will not be made unless and until that court approves the Settlement and any appeals from that court's approval are resolved in a way that upholds the Settlement, whereupon the Settlement will become effective. Please be patient.

---

[1] Sonic Restaurants, Inc. became an LLC in 2019 and subsequently merged into Sonic Industries Services Inc. in 2021.

## BASIC INFORMATION

### 1. Why did I get this notice package?

Your financial institution may have issued payment cards included in one or more of the alerts sent out by Visa, MasterCard, or Discover relating to the Sonic Data Breach and thus may be a member of the group of financial institutions covered by the Settlement.

The court in charge of the litigation is the United States District Court for the Northern District of Ohio (the "Court") and the litigation is known as *In re: Sonic Corp. Customer Data Breach Litigation – Financial Institutions Track*, MDL Case No. 1:17-md-02807-JSG. The financial institutions who are pursuing the litigation, American Airlines Federal Credit Union, Redstone Federal Credit Union, and Arkansas Federal Credit Union, are the "Plaintiffs." The companies the Plaintiffs are suing, Sonic LLC (f/k/a Sonic Corp.), Sonic Industries Services Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. are the defendants.

The Court authorized this notice because, if your financial institution is covered by the Settlement, you have a right to know about the proposed Settlement of the litigation and about all of your options with respect to that Settlement before the Court decides whether to approve it. If the Court approves the Settlement and any appeals from such approval are resolved such that the approval is fully upheld, the Settlement will become effective and KCC Class Action Services, LLC, the settlement administrator appointed by the Court with responsibility for class notice and claims administration (the "Settlement Administrator"), will distribute any cash payments that are due under the Settlement.

This package explains the lawsuit, the Settlement, your financial institution's legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. What is the lawsuit about?

Plaintiffs allege that, between April 7, 2017 and October 28, 2017, hackers targeted point-of-sale systems with inadequate security precautions at certain Sonic drive-in restaurants, enabling the hackers to steal payment card data when customers used their credit or debit cards. The Sonic Defendants deny the allegations in their entirety and assert that they had adequate safeguards in place.

The Sonic Defendants deny any wrongdoing or that they were negligent in any way. No court or other entity has made any judgment or other determination as to any wrongdoing or negligence by the Sonic Defendants.

### 3. Why is this a class action?

In a class action, one or more entities called "Class Representatives" sue on behalf of themselves and other entities with similar claims arising from the matter at issue. All of these entities together are the "Class" or "Class Members." Here, by bringing the lawsuit as a class action, Plaintiffs, as Class Representatives, seek to have the Court resolve both their own claims and the claims of other financial institutions against the Sonic Defendants arising from the Data Breach.

### 4. Why is there a Settlement?

The Court has not decided in favor of Plaintiffs or the Sonic Defendants.  Instead, both sides agreed to a settlement. Settlements of class actions avoid the costs and uncertainty of a trial and related appeals, while providing benefits to members of the Class. Plaintiffs and their attorneys think the Settlement is best for all Class Members (as defined under Question 5 below).

## WHO IS PART OF THE SETTLEMENT

### 5. How do I know if my financial institution is covered by the Settlement?

Your financial institution is a "Class Member" and covered by the Settlement if:

- It is a bank, credit union, or financial institution in the United States that received notice and took action to reissue credit cards or debit cards or reimbursed a compromised account in the Sonic Data Breach.

**Questions? Call 1-888-320-0971 or visit www.SonicDataBreachFinancialInstitutionSettlement.com**

2

**6. I'm still not sure if my financial institution is part of the Settlement.**

If you are still not sure whether your financial institution is covered by the Settlement, you can ask for free help from the attorneys representing the Class ("Class Counsel," *see* Question 15). You can also call 1-888-320-0971 or visit www.SonicDataBreachFinancialInstitutionSettlement.com for more information.

## THE SETTLEMENT BENEFITS

**7. What does the Settlement provide?**

If the Settlement becomes effective, the Sonic Defendants will pay up to $5,730,000, of which up to $3,000,000 will be used to pay Class Members who submit valid Claim Forms, up to $500,000 will be used to pay for the Costs of Settlement Administration, up to $2,200,000 will be used to pay attorneys' fees and costs, and $30,000 will be used to pay Service Awards to the Class Representatives.

**8. How much will my financial institution's payment be?**

If the Settlement becomes effective, Class Members that submit a valid Claim Form will receive $1.00 for each Eligible Alerted-On Payment Card they reissued ("Reissuance Payment") and/or $1.50 for each Eligible Alerted-On Payment Card that experienced fraud during the four-week window following those cards' first appearance on a Card Brand Alert (as identified in the definition of Eligible Alerted-On Payment Card) ("Fraud Payment"). However, for any Eligible Alerted-On Payment Card that was reissued and experienced fraud during the applicable window, the Class Member must select either a Reissuance Payment or a Fraud Payment for such Eligible Alerted-On Payment Card. A Class Member cannot receive a Reissuance Payment and a Fraud Payment for the same Eligible Alerted-On Payment Card, though any Class Member may submit claims for Reissuance Payments and Fraud Payments so long as it is only one per Eligible Alerted-On Payment.

An Eligible Alerted-On Payment Card is a credit card or debit card payment account number that was identified by Visa, MasterCard, Discover, or another card brand in a Prior Alert in the US-2017-0500 series (in the case of Visa), or in a Prior Alert in the ADC004195-US-17 series (in the case of MasterCard) and incurred fraud and/or was reissued within the four-week period of time after such Alerted-On Payment Card first appeared on a Prior Alert. For a Visa-branded Alerted-On Payment Card Account, a Prior Alert is a PA or IC CAMS alert in the US-2017-0500 series sent by Visa between October 13, 2017 and August 27, 2018. For a MasterCard-branded Alerted-On Payment Card Account, a Prior Alert is an ADC alert in the ADC004195-US-17 series sent by MasterCard on November 3, 2017 and August 7, 2018.

## HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM

**9. How can my financial institution get a payment?**

To qualify for a payment, your financial institution must complete and submit a valid Claim Form. The Claim Form is attached to this Notice, and you can also get the Claim Form at www.SonicDataBreachFinancialInstitutionSettlement.com. Read the Claim Form carefully, include all information the form asks for, sign it, and submit it through www.SonicDataBreachFinancialInstitutionSettlement.com by September 7, 2022 or mail it postmarked no later than September 7, 2022 to the Settlement Administrator at *Sonic Corp. Financial Institution Data Breach Litigation*, P.O. Box 43434, Providence, RI 02940-3434. The Settlement Administrator will review your financial institution's Claim Form to determine whether it is valid and, if so, to determine the amount of your financial institution's payment.

**10. When would my financial institution get its payment?**

Payments to Class Members will be made after the claims validation process is complete, the Settlement is finally approved by the Court, any appeals from the Court's approval have been completed and have been resolved in a way that upholds the Settlement, and the Settlement thereby has become effective. The Court will hold a hearing on October 6, 2022 to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals, which could take more than a year to resolve. You may visit www.SonicDataBreachFinancialInstitutionSettlement.com for updates on the progress of the Settlement. Please be patient.

Questions? Call 1-888-320-0971 or visit www.SonicDataBreachFinancialInstitutionSettlement.com

3

**11.  What is my financial institution giving up to get a payment or remain in the Class?**

If your financial institution is covered by the Settlement and the Settlement becomes effective, and unless your financial institution excludes itself from the Settlement, it can't sue the Sonic Defendants or be part of any other lawsuit against the Sonic Defendants concerning the issues this Settlement resolves. Unless your financial institution excludes itself, all of the decisions by the Court related to the Settlement will bind your financial institution. The specific claims against the Sonic Defendants that your financial institution will release in the event it does not exclude itself and the Settlement becomes effective are described in Section 6 of the Settlement Agreement and Release. The Settlement Agreement and Release is available at www.SonicDataBreachFinancialInstitutionSettlement.com.

The Settlement Agreement and Release describes the released claims with specific language, so read it carefully.  If you have any questions about what this language means, you can talk to the law firms listed in Question 15 for free or you can, of course, talk to your financial institution's own lawyer.

If your financial institution wants to keep its right to sue the Sonic Defendants based on claims this Settlement resolves, it must take steps to be excluded from the Class (*see* Questions 12-14).

**EXCLUDING YOUR FINANCIAL INSTITUTION FROM THE SETTLEMENT**

**12. How can my financial institution ask to be excluded from the Settlement?**

If your financial institution is covered by the Settlement and wishes to be excluded from or "opt out" of the Settlement, your financial institution must send a "Request for Exclusion" by U.S. Mail that includes the information below.  If it fails to include this information, the Request for Exclusion will be ineffective and your financial institution will be bound by the Settlement, including all releases, if the Settlement becomes effective.

- The name of this proceeding, *In re: Sonic Corp. Financial Institution Data Breach Litigation – Financial Institutions Track*;
- The name and address of the financial institution;
- The words "Request for Exclusion" at the top of the document or a statement in the body of the letter requesting exclusion from the Class;
- The number of Alerted-On Payment Card Accounts that your financial institution issued; and
- The name, address, email address, telephone number, position, and signature of the employee authorized to make such decisions for the financial institution.

Your financial institution must mail the Request for Exclusion, postmarked no later than September 7, 2022, to:

*Sonic Corp. Financial Institution Data Breach Litigation*
P.O. Box 43434
Providence, RI 02940-3434

If your financial institution sends an effective Request for Exclusion, it will not receive any payment as part of the Settlement, cannot object to the Settlement, and will not be legally bound by anything that happens in the lawsuit. It may be able to sue the Sonic Defendants for the Released Claims in the future. If your financial institution both objects to the Settlement and sends an effective Request for Exclusion, it will be deemed to have excluded itself from the Settlement and its objection will not be entertained by the Court.

**13.  If my financial institution doesn't exclude itself, can it sue the Sonic Defendants for the same thing later?**

No. If your financial institution is covered by the Settlement and doesn't ask to be excluded from the Settlement, it gives up any right to sue the Sonic Defendants for the claims that the Settlement resolves, as further detailed in the Settlement Agreement and Release, if the Settlement becomes effective. If your financial institution has a pending lawsuit, it should speak to its lawyer immediately to assess whether it should exclude itself from the Settlement and continue its own lawsuit. Remember, the exclusion deadline is September 7, 2022.

**14.  If my financial institution excludes itself, can it get money from this Settlement?**

No. If your financial institution excludes itself from the Settlement, it will not receive any payment as part of the Settlement. If your financial institute excludes itself, do not send in a Claim Form asking for payment.

## THE LAWYERS REPRESENTING YOUR FINANCIAL INSTITUTION

**15. Does my financial institution have a lawyer in the lawsuit?**

Yes. The Court appointed Brian Gudmundson of Zimmerman Reed LLP and Charles Van Horn of Berman Fink Van Horn P.C. as "Class Counsel" to represent your financial institution and other Class Members in the lawsuit.  Your financial institution will not be charged for these lawyers. If your financial institution wants to be represented by its own lawyer, it may hire one at its own expense.

**16. How will the lawyers be paid?**

The Class Representatives will ask the Court to approve attorneys' fees, costs, and expenses for Class Counsel and for Service Awards for the Class Representatives. Service Awards are compensation to the Class Representatives for their efforts in pursuing the lawsuit, producing documents, and providing testimony on behalf of the Class. The Court will decide the total amount of attorneys' fees, costs, and expenses and Service Awards to be approved. These amounts, up to a combined total of $2,230,000, will not reduce the amount of money available to the Class.

## OBJECTING TO THE SETTLEMENT

**17.  How does my financial institution tell the Court that it doesn't like the Settlement?**

If your financial institution is a Class Member, it can object to the Settlement if it disagrees with any aspect of the Settlement. Your financial institution can, in its objection, give reasons why it thinks the Court should not approve the Settlement. The Court will consider its views.

Your financial institution's objection must be in writing and must include:

- the name of this proceeding, *In re: Sonic Corp. Customer Data Breach Litigation – Financial Institutions Track*;

- your financial institution's name, current address, telephone number, and email address (if any) of the financial institution's point of contact;

- a statement that the financial institution's point of contact has authority to object on its behalf, including an attestation that the financial institution issued an Eligible Alerted-On Payment Card;

- a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

- the identity of all counsel representing the objector, if any;

- a statement of whether a representative of your financial institution or the financial institution's counsel intends to appear and argue at the Final Approval Hearing (*see* Question 19), including a statement identifying any person who will be called to testify at the Final Approval Hearing in support of the objection;

- a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last three years;

- a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last three years; and

- the objector's signature and the signature of the objector's duly-authorized attorney or other duly-authorized representative (along with documentation setting forth such representation).

Any objection must be filed with the Court and mailed to Class Counsel and Defense Counsel, postmarked no later than September 7, 2022:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>USDC, Northern District of Ohio<br>Carl B. Stokes U.S. Court House<br>801 West Superior Avenue<br>Cleveland, OH 44113 | Brian C. Gudmundson<br>ZIMMERMAN REED LLP<br>1100 IDS Center, 80 South 8th Street<br>Minneapolis, MN 55402 | David M. Poell<br>SHEPPARD MULLIN RICHTER<br>  & HAMPTON LLP<br>70 West Madison Street, 48th Floor<br>Chicago, IL 60602 |

Questions? Call 1-888-320-0971 or visit www.SonicDataBreachFinancialInstitutionSettlement.com

5

## 18. What's the difference between objecting and excluding/opting out?

Objecting is simply telling the Court that your financial institution doesn't like something about the Settlement. Your financial institution can object to the Settlement only if it is a Class Member and does not exclude itself from the Class. Exclusion from or "opting out" of the Settlement is telling the Court that the financial institution doesn't want to be included in the Settlement. If your financial institution excludes itself, it will have no basis to object to the Settlement because it is no longer affected by the Settlement.

## THE COURT'S FINAL APPROVAL HEARING

## 19.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at 12:00 p.m. on October 6, 2022 before Judge James S. Gwin of the United States District Court for the Northern District of Ohio, located at the Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, OH 44113. This hearing date and time may be moved. Please refer to the Settlement Website (www.SonicDataBreachFinancialInstitutionSettlement.com) for notice of any changes.

At the Final Approval Hearing, the Court will consider whether to approve the Settlement. If there are objections, the Court will consider them. The Court will listen to people who appear at the hearing (*see* Question 17). At the Final Approval Hearing, the Court may also consider whether to approve the request for Class Counsel fees and expenses and the Service Awards to the Class Representatives (*see* Question 16). At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement. It is not known how long these decisions will take.

## 20. Does my financial institution have to attend the hearing?

No. Class Counsel will answer questions the Court may have.  Your financial institution may, however, send a representative at its own expense. If your financial institution submits an objection, it does not need to send a representative to come to the Court. As long as it submitted its objection on time and in the proper form, the Court will consider it. Your financial institution may also pay its own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

## 21. What happens if my financial institution does nothing in response to this notice?

If your financial institution is a Class Member and it does nothing, it will remain a part of the Class but will not receive any payments from the Settlement. It will no longer be able to bring any action against the Sonic Defendants concerning the claims being resolved through this Settlement if the Settlement becomes effective.

## GETTING MORE INFORMATION

## 22. How do I get more information?

This notice summarizes the Settlement. More details are in the Settlement Agreement and Release, which is available at www.SonicDataBreachFinancialInstitutionSettlement.com.

**Questions? Call 1-888-320-0971 or visit www.SonicDataBreachFinancialInstitutionSettlement.com**

6

# EXHIBIT

# B



## [S3N:Sonic Corp. Customer Data Breach](#)

| Claim number | Last Name | First Name | Street | Apt | City | State | Zip code |
|---|---|---|---|---|---|---|---|
| AD-914-577 | ABBOTT LABORATORIES | | 325 TRI STATE PKWY | | GURNEE | Illinois | 60031-5280 |
| AO-309-617 | CROSSFIRST BANK | | 4707 W 135TH ST | | OVERLAND PARK | Kansas | 66224-7613 |