**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND**

| | |
|---|---|
| IN RE: SONIC CORP. CUSTOMER DATA BREACH LITIGATION (Financial Institutions) <br><br> THIS DOCUMENT RELATES TO ALL FINANCIAL INSTITUTION ACTIONS | ) ) ) ) ) ) ) ) )     MDL Case No. 1:17-md-02807-JSG |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

The Court, having considered the Class Representatives' Motion for Final Approval (the "Motion") of the settlement (the "Settlement") of the above-captioned case ("the Litigation") pursuant to the Settlement Agreement dated April 26, 2022, between Financial Institution Plaintiffs American Airlines Federal Credit Union, Redstone Federal Credit Union, and Arkansas Federal Credit Union ("Financial Institution Plaintiffs") and Defendants Sonic LLC (f/k/a Sonic Corp.), Sonic Industries Services Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. (collectively, the "Sonic Defendants"), having considered all of the submissions and arguments with respect to the Motion, and having held a Fairness Hearing on _____ ___, 2022, finds that:

      1.     Unless defined herein, all capitalized terms in this Order shall have the respective meanings as defined in the Settlement Agreement.

      2.     Notice to the Class Members has been provided in accordance with the Court's Preliminary Approval Order, and the substance of, and dissemination program for, the Notice fully complied with the requirements of Federal Rule of Civil Procedure 23(b)(3) and due process,

constituted the best notice practicable under the circumstances, and provided due and sufficient notice to the Class.

3. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith and without collusion by counsel for the Parties.  The Class Representatives and Class Counsel support the Settlement.

4. The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Certified Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

5. The Court finds that the consideration to be received under the Settlement Agreement by the Class on the one hand and the Sonic Defendants on the other hand is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Litigation, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

6. The persons listed on <u>Exhibit A</u> hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Settlement Agreement.

7. It is in the best interests of the Parties, and consistent with principles of judicial economy, that any dispute between any Class Member and Sonic Defendants regarding a Settlement Matter (as defined below) should be presented exclusively to and resolved by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

8. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Certified Class. The Parties are directed to consummate the Settlement

Agreement in accordance with its terms. The Parties, and Class Members who did not timely exclude themselves from the Certified Class, are bound by the terms and conditions of the Settlement Agreement.

9. On November 13, 2020, the following Class was certified pursuant to Federal Rule of Civil Procedure 23: All banks, credit unions, and financial institutions in the United States that received notice and took action to reissue credit cards or debit cards or reimbursed a compromised account from any card brand in the Sonic Data Breach ("Certified Class").

10. The requirements of Rule 23 have been satisfied. The Certified Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the Certified Class, which common questions predominate over any questions affecting only individual members; the claims of the Financial Institution Plaintiffs are typical of the Class Members' claims; and the Financial Institution Plaintiffs have fairly and adequately represented the interests of the Certified Class.

11. The Court hereby confirms the appointment of the Financial Institution Plaintiffs as representatives of the Certified Class. The Class Representatives have fairly and adequately represented the interests of the Certified Class.

12. The Court hereby confirms the appointment of the following attorneys as Class Counsel: Brian Gudmundson, Zimmerman Reed LLP; and Charles Van Horn, Berman Fink Van Horn P.C. Class Counsel is experienced in complex class litigation and has fairly and adequately represented the interests of the Certified Class.

13. The Settlement Administrator is directed to distribute according to the terms of the Settlement Agreement the consideration provided under the Settlement Agreement to Class Members who have submitted Verified Claims.

14. The Releasing Parties release and forever discharge the Released Parties from the Released Claims, as set forth below:

> Upon the Effective Date, each Class Member who has not timely opted out of this Settlement, including Financial Institution Plaintiffs, shall be deemed to have, and by operation of this Final Judgment shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Class Member who has not timely opted-out of this Settlement, including Financial Institution Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum based on, relating to, concerning, or arising out of any of the Released Claims. It is the intent of the Parties that this Release shall not be considered, interpreted, or construed to prevent Class Members from pursuing claims related to the Data Breach against any person or entity that is not a "Released Person" as that term is defined in the Settlement Agreement.
>
> "Released Claims" means any and all claims, rights, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature, and character, known and unknown, including without limitation, negligence, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute or common law duty, any federal, state, or local statutory or regulatory claims, including, but not limited to, pursuant to consumer protection laws, unfair and deceptive trade practice laws, and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that any Class Member has, has asserted, could have asserted, or could assert against any of the Released Persons based on, relating to, concerning, or arising out of the Data Breach (including, but not limited to, the costs of reissuing payment cards or reimbursing individuals for fraudulent charges) or the allegations, facts, or circumstances described in the Litigation. Released Claims shall also include Unknown Claims, as that term is defined in the Settlement Agreement.

15. Financial Institution Plaintiffs and members of the Certified Class, who did not opt out of the Settlement, are permanently enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any

other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any Released Claims. Any person or entity that knowingly violates such injunction shall pay the reasonable costs and attorneys' fees incurred by the other party as a result of such violation.

16. The Court hereby awards Class Counsel $_____ for attorneys' fees plus $_____ for reimbursement of their litigation costs and expenses. The Court finds this award of attorneys' fees, costs and expenses fair and reasonable.

17. The Court hereby approves the following service awards to each of the three (3) Class Representatives in the amounts set forth below:

(a) $_____ for Financial Institution Plaintiff American Airlines Federal Credit Union, who prosecuted this action on behalf of the Certified Class, attended court hearings, answered discovery, appeared for a deposition, and assisted with the resolution of this matter;

(b) $_____ for Financial Institution Plaintiff Redstone Federal Credit Union, who prosecuted this action on behalf of the Certified Class, attended court hearings, answered discovery, appeared for a deposition, and assisted with the resolution of this matter; and

(c) $_____ for Financial Institution Plaintiff Arkansas Federal Credit Union, who prosecuted this action on behalf of the Certified Class, attended court hearings, answered discovery, appeared for a deposition, and assisted with resolution of this matter.

The Court finds the service awards are fair and reasonable.

18. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement and all matters, disputes, claims or defenses arising out of or related in any way to the Settlement Agreement, including without limitation its applicability, administration, and consummation (collectively, "Settlement Matters"). The Court also retains exclusive jurisdiction as to any Settlement Matters over Financial Institution Plaintiffs, members of the Certified Class who did not opt out of the Settlement, and the Sonic Defendants, each of whom are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court with regard to all Settlement Matters and to have waived any defenses based on personal jurisdiction, venue, or that the forum is inconvenient. Without limiting the generality of the foregoing, any dispute arising out of or related in any way to the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a Settlement Matter.

19. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum; or (ii) any liability, responsibility, fault, wrongdoing, or otherwise. The Sonic Defendants have denied and continue to deny the claims asserted by the Financial Institution Plaintiffs. The Court makes no finding as

to the merits of the claims the Financial Institution Plaintiffs and Certified Class assert. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing its terms.

20. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the Litigation shall proceed and no reference to this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

21. The Action is hereby **DISMISSED WITH PREJUDICE** and without costs. This judgment has been entered without any admission by the Sonic Defendants as to the merits of any of Financial Institution Plaintiffs' allegations in the Litigation.

22. The Court directs the Clerk to enter final judgment.

**SO ORDERED.**

Dated: _____ _____
Hon. James S. Gwin
United States District Court Judge