IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | | |
|---|---|---|
| In re: | ) | Case No. 1:17-md-02807-JSG |
| | ) | |
| SONIC CORP. CUSTOMER DATA BREACH LITIGATION | ) ) | Judge James S. Gwin |

**PLAINTIFFS' *UNOPPOSED* MOTION TO DISTRIBUTE *CY PRES* FUNDS**

Representative Plaintiffs Penny Bolin, Shannon Gannon, Henry Gil, Esmeralda Hernandez, Melvin Hildreth III, Megan MacKay, Dometric Pearson, Paula Sbabo, and Cassandra Sharp ("Representative Plaintiffs") and Individual Named Plaintiffs Septabeya Bean, Patrick Blanford, Cornelius Bogard, Shadawna Carson, John Dolembo, Carlton Donovan, Vonda Hoover, Barbara Kelley, Mark Korabelnikov, Denise Ramirez, Edward Ramirez, Linda Sipple, and Angela Williams ("Individual Named Plaintiffs") (together with Representative Plaintiffs, "Plaintiffs") hereby move this Court an Order releasing all funds remaining in the administration account in the control of the settlement administrator, Veritas Global (formerly Kurtzman Carson Consultants ("KCC"))[1] in the amount of $163,702.03 to be divided equally between the Legal Aid Society of Cleveland and Legal Aid Services of Oklahoma.

In support of Plaintiffs' Motion, Plaintiffs state this Court issued its Preliminary Approval Order on December 20, 2018 (Doc. 145, the "Preliminary Approval Order") and its Opinion & Order granting Plaintiffs' Motion for Final Approval on August 12. 2019. (Doc. 174, the "Final Approval Order").

Consistent with the terms of the Preliminary Approval Order on or about January 16, 2019, KCC received $4,325,000 in funding from Defendants Sonic Corp., Sonic Industries Services Inc.,

---

[1] Veritas will be referred to in this Motion as KCC to ensure consistency with the Court's Preliminary Approval Order and Final Approval Order.

Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. (collectively, "Sonic" or the "Sonic Defendants"). *See* **Exhibit A** - Declaration of Jay Geraci, ¶4. (the "Geraci Decl.") Consistent with the terms of the Court's Final Approval Order, after paying Attorney fees and costs, the named plaintiffs, and settlement administration fees, $2,588,656.67 in funds were available for the class. *Id.*

On November 15, 2019, KCC sent 42,826 checks totaling $2,308,462.84 and 8,245 PayPal payments totaling $267,467.80 to class members. On or around January 1, 2020, KCC received $11,678.40 representing 360 failed or returned PayPal payments. As a result, $24,404.43 in funds were in the Settlement Fund and available. *See* Geraci Decl., ¶5. On February 4th, and July 10, 2020, KCC mailed out 392 checks to Class Members whose original PayPal payments failed, or who provided updated information to be included in the distribution. *Id.*, ¶5. The 392 checks totaled $13,397.48. *Id.*, ¶6. On February 4th, 2020, the Settlement Fund had $11,006.95 in funding. *Id.*, ¶7. On or around November 1, 2020, KCC stopped 2,775 checks that were beyond their stale date and returned $152,695.08 to the Settlement Fund. *Id.*, ¶8. As a result, $163,702.03 in funds were in the Settlement Fund. *Id.* As of February 14, 2025, the Settlement Fund holds $163,702.03 which is available for *Cy Pres*. *Id.*, ¶9.

As this Court is aware, *cy pres* awards are permissible under Civ.R. 23. See, e.g. generally, *Hawes v. Macy's, Inc.*, 2023 LEXIS 226617 at *38 (S.D. Ohio Dec. 20, 2023) (surveying circuit level decisions finding *cy pres* awards are permissible under Civ.R. 23); see also Principles of the Law of Aggregate Litigation § 3.07 (2010) (stating that "[a] court may approve a settlement that proposes a cy pres remedy even if such a remedy could not be ordered in a contested case") *Cy pres* awards are proper only when "existing class member claimants have been fully compensated and further distribution to remaining class members is not feasible." *Hawes*, 2023 LEXIS 226617

at *38 (citing *Jones v. Monsanto Co.*, 38 F.4th 693, 689-99 (8th Cir. 2022)); see also *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015).

For all of the foregoing reasons, *cy pres* is appropriate here as class members have been compensated and further distribution is not feasible as the Settlement Fund consists primarily of funds where class members did not cash their checks. *See* Geraci Decl., ¶8.  Additionally, prior to the filing of this Motion Plaintiffs' Counsel has conferred with Defendants' Counsel on the proposed *cy pres* distribution and recipients and Defendants' Counsel has confirmed that the Defendants do not oppose the proposed *cy pres* distribution. *See* **Exhibit B** - email from Kari Rollins, Co-Counsel for Defendants.

**WHEREFORE,** Plaintiffs request that the court issue an order directing the settlement administrator Vertias Global to direct the remaining funds in equal portions to the Legal Aid Society of Cleveland and Legal Aid Services of Oklahoma and for all other relief that this Court may deem just and proper.

Respectfully Submitted,

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
Brian D Flick (0081605)
DannLaw
15000 Madison Avenue
Cleveland, OH 44107
Telephone: (216) 373-0539
Facsimile:  (216) 373-0536
notices@dannlaw.com

*Liaison Counsel for the Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2025, a copy of the foregoing was served via ECF upon the following counsel for Defendants:

Kari M. Rollins
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
krollins@sheppardmullin.com

Lisa Thomas
David M. Poell
Sheppard Mullin Richter & Hampton LLP
Three First National Plaza
70 West Madison Street, 48th Floor
Chicago, IL 60602
lmthomas@sheppardmullin.com
dpoell@sheppardmullin.com

Craig C. Cardon
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
ccardon@sheppardmullin.com

David A. Riepenhoff
Melanie J. Williamson
Fishel Hass Kim Albrecht Downey LLP
7775 Walton Parkway, Suite 200
New Albany, OH 43054
driepenhoff@fishelhass.com
mwilliamson@fishelhass.com

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
DannLaw
*Liaison Counsel for the Plaintiffs*